```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

MARIANNE BEAL,                    )
                                  )
          Plaintiff               )
                                  )
     v.                           )   Case No. 2:04 cv 250
                                  )
NATIONAL RAILROAD PASSENGER       )
CORPORATION; CSX CORPORATION;     )
CSX TRANSPORTATION, INC.; CSX,    )
                                  )
          Defendants              )
```

OPINION AND ORDER

This matter is before the court on the Second Supplemental Motion for Summary Judgment on All Claims filed by the defendant, National Railroad Passenger Corporation, on January 23, 2007 (DE 89), and the Motion to Strike the Affidavit of Plaintiff filed by the defendant on March 19, 2007 (DE 97). For the reasons set forth below, the motion for summary judgment is **GRANTED**, and the motion to strike is **DENIED AS MOOT**.

Background

On January 8, 2004, the plaintiff, Marianne Beal, was a passenger in a vehicle being driven by Charles Stinson, Jr. At the Howard Street railroad crossing in Gary, Indiana, the vehicle was struck by a train operated by National Railroad Passenger Corporation ("Amtrak") on tracks and at a crossing owned and maintained by CSX Corporation. Stinson was killed as a result of the accident, and Beal was severely injured.

In her complaint, Beal alleged that defendants Amtrak and CSX breached their duty to maintain and operate the train,

crossing gate, and warning devices in a safe manner (Count I). Beal also alleged that this equipment was defective (Count II). Beal's third count asserted claims of negligent and intentional infliction of emotion distress.

On July 27, 2006, this court, responding to two motions for summary judgment, dismissed CSX from this case. (Opinion and Order, July 27, 2006, pp. 2-3) Accordingly, Beal's claims arising from a duty to maintain in Count I and her claim regarding defective equipment (Count II) also were dismissed. (Order, p. 3) Beal's remaining claims against Amtrak were negligence based on the duty to maintain a proper lookout and the duty to brake, and claims of negligent and intentional infliction of emotional distress. In response to Amtrak's prior motion for summary judgment, Beal offered no evidence or argument in support of her duty to maintain a proper lookout, and this claim was dismissed. (Order, p. 3)

With the current supplemental motion, Amtrak seeks summary judgment on all remaining claims, specifically Beal's negligent failure to brake and negligent and intentional infliction of emotional distress claims. Amtrak further refines its motion by seeking judgment solely on the basis that Beal cannot show proximate cause. The related issue, which is assumed in Amtrak's motion, is whether the circumstances of this case describe a "specific individual hazard," thereby excepting this matter from federal preemption under the Federal Railroad Safety Act, 49 U.S.C. §201061 *et. seq. See* **CSX Transportation Inc. v. Easter-**

*wood*, 507 U.S. 658, 675 n.15, 113 S.Ct. 1732, 1743 n.15, 123 L.Ed.2d 387 (1993).

This court's order of July 27, 2006, denied the defendant's motion for summary judgment on this issue. As a result, the single matter before the court is the parties' dispute over the issue of proximate cause.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); **Lawrence v. Kenosha County**, 391 F.3d 837, 841 (7th Cir. 2004); **Branham v. Snow**, 392 F.3d 896, 901 (7th Cir. 2004); **Windle v. City of Marion, Indiana**, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133 (2003).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); **Lawrence**, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); **Ballance v. City of Springfield, Illinois Police Department**, 424 F.3d 614, 616 (7th Cir. 2005); **Hottenroth v. Village of Slinger**, 388 F.3d

3

1015, 1027 (7th Cir. 2004); ***Palmer v. Marion County***, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  ***Spiegula v. Hull***, 371 F.3d 928, 935 (7th Cir. 2004); ***Hines v. British Steel Corporation***, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  ***Roger v. Yellow Freight Systems, Inc.***, 21 F.3d 146, 148 (7th Cir. 1994).  *See also* ***Miller v. Borden, Inc.***, 168 F.3d 308, 312 (7th Cir. 1999); ***Plair v E.J. Brach & Sons, Inc.***, 105 F.3d 343, 346 (7th Cir. 1997); ***United Association of Black Landscapers v. City of Milwaukee***, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

4

*See also* **Reeves v. Sanderson Plumbing Prods., Inc**., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); **Celotex Corp**., 477 U.S. at 322-323, 106 S.Ct. at 2553; **Branham**, 392 F.3d at 901; **Lawrence**, 391 F.3d at 841; **Hottenroth**, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); **Schuster v. Lucent Technologies, Inc**., 327 F.3d 569, 573 (7th Cir. 2003)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

A plaintiff alleging negligence must prove: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." **Peters v. Forster**, 804 N.E.2d 736, 738 (Ind. 2004)(*citing* **Benton v. City of Oakland City**, 721 N.E.2d 224, 232 (Ind. 1999)). Proof of the proximate causation element is measured according to a two-part inquiry that looks first to causation in fact. **City of Gary ex. rel. King v. Smith & Wesson**, 801 N.E.2d 1222, 1243 (Ind. 2003). The Indiana Supreme Court stated that factual causation presents a question of fact that asks if the injury would not have occurred without the defendant's breach. **City of Gary**, 801 N.E.2d at 1243-44 (*citing* **Cowe v. Forum Group, Inc**., 575 N.E.2d 630, 635 (Ind. 1991)). *See also* **Paragon Family Restaurant v. Bartolini**, 799 N.E.2d 1048, 1055 (Ind. 2003)("At a minimum, proximate cause requires that the

injury would not have occurred but for the defendant's conduct.").

The second proximate cause inquiry regards the scope of liability and limits liability for those acts that, though a factual cause, were not "a natural and probable consequence, which in light of the circumstances, should have been foreseen or anticipated." *Bader v. Johnson*, 732 N.E.2d 1212, 1218 (Ind. 2000). The question of proximate cause is a matter for the jury, but "it becomes a question of law where only a single conclusion can be drawn from the facts." *Hamilton v. Ashton*, 846 N.E.2d 309, 316 (Ind. App. 2006); *Peters*, 804 N.E.2d at 743.

Proximate cause in this case centers on the timing of the events leading to the collision. In the light most favorable to Beal, the facts show that she and Stinson approached the railway crossing at a speed of between 25 and 30 miles per hour. The flashing lights at the crossing gate came on, but the gates did not lower. Stinson immediately applied his brakes, but the car slid on the road's icy conditions. Beal consistently has stated that the vehicle slid toward the intersection for five seconds and came to rest on the railroad tracks, where it sat for another five seconds prior to impact. She also has stated that during the five second period in which they were on the tracks, Stinson looked to his left, back to Beal, and then forward before "fumbling" to put the car in reverse. Beal testified that she heard the car's wheels spinning and the vehicle was "just beginning" to move when it was struck by the train.

6

Additional facts, either undisputed or viewed in the light most favorable to Beal, indicate that the train was traveling at 79 miles per hour just prior to the collision, the engineer had a clear view of the intersection at least 10 seconds before impact, and he did not attempt to brake until after the moment of impact.

Amtrak argues that under these facts Beal cannot show factual causation. Beal must produce evidence that, had the engineer not breached his duty, her injuries would not have occurred. Accordingly, it first is necessary to clarify the duty Beal alleges the engineer breached.

Beal argues that Amtrak's negligence is based on the engineer's failure to institute emergency braking procedures when he knew that the car was not going to stop. (3/2/07 Memo in Supp. p. 3; 6/5/06 Memo in Opp. p. 3; 1/17/06 Memo in Opp. p. 3) Beal's argument is that if the engineer had applied the brakes when Stinson's vehicle began to skid, Stinson would have had an additional .63 seconds to move his car off the tracks. She argues that this period of time was sufficient for the vehicle to have cleared the crossing or to have shifted the point of impact to the vehicle's front wheels.  According to this argument, the impact would have caused less rotation of the vehicle, which in turn would be less likely to have caused Beal to be ejected from the vehicle, which was the principle cause of her injuries.

The evidence in this matter does not lead to the conclusion the engineer could have known the car was not going stop (and consequently have been under a duty to brake) when Stinson first

7

applied the car's brakes. It cannot reasonably be expected that Amtrak's engineer would institute emergency braking procedures at the same instant Stinson applied the brakes on his vehicle. The parties agree that Stinson's vehicle slid to some extent as it approached the crossing. However, Beal's expert also made clear that the car likely did not skid the entire five seconds. There also is no evidence that the vehicle "fishtailed" or otherwise provided a visual indication that its approach to the crossing was out of the ordinary. Consequently, the clearest point at which the engineer could have known that a collision was going to occur was five seconds before the collision, when Stinson's vehicle came to rest on the tracks.

However, it is not clear at what point, if any, within this period of between five to ten seconds prior to the collision, the engineer became aware of the vehicle, and as a result, under a duty to begin braking. Consequently, Beal must show that some additional period of time between approximately .3 seconds and .63 seconds would have been sufficient to avoid the collision or prevent her injuries. *See e.g.* ***Bryan v. Norfolk & Western Railway Company***, 21 F.Supp.2d 1030, 1035 (E.D. Mo 1997).

In addition, the engineer has testified that he did not see Stinson's vehicle until two to three seconds prior to the collision. This testimony suggests that Stinson's vehicle skidded onto the tracks and was at rest for two to three seconds before the engineer noticed the vehicle in the train's path. However, to argue that the engineer should have noticed Stinson's vehicle

8

sooner is a theory of negligence based upon his duty to maintain a proper lookout. Beal has waived this claim. Accordingly, the operative time in which the engineer could have acted to give Stinson an additional fraction of a second is even less than five to ten seconds.

There is no evidence to suggest that Beal's injuries could have been avoided if the engineer had applied the train's emergency brakes in a manner giving Stinson some period of time of less than one half of a second to clear the tracks. On this evidence, no reasonable jury could conclude that this fraction of a second was the proximate cause of Beal's injury. *See* ***Carpenter v. Norfolk & Western Railway Company***, 1998 WL 199723 at *4 (Table at 145 F.3d 1330 (6th Cir. 1998))("[R]easonable minds could not conclude that this additional half second would have been sufficient time for Douglas to shift gears and move away from the tracks."); ***Hotchkiss v. National Railroad Passenger Corporation***, 1990 WL 70700 at *8 (Table at 904 F.2d 36 (6th Cir. 1990))("Evidence that the vehicle almost made it across or that all but the rear two or three feet of the car had gotten across when struck by the locomotive is insufficient to establish causation.") (internal quotations omitted).  *See also* ***Haldeman v. Bell Telephone Company of Pennsylvania***, 387 F.2d 557, 559 (3rd Cir. 1968); ***Thiele v. Norfolk and Western Railway***, 873 F.Supp. 1240, 1249 (N.D. Ind. 1994).

Further, Beal's expert disclaimed the notion that, even with the maximum .63 seconds, the collision could have been avoided.

(Dep. of Robert Halstead, p. 28) Rather, reiterating the preliminary nature of his analysis, he stated, "What I would say is they could have gotten the car far enough out of the way so that damage would be substantially less." (Halstead Dep. p. 28) However, Halstead also testified that he was not aware of the cause of Beal's injury. (Halstead Dep. p. 30) Further, this court already has concluded that the speculative nature of the expert's conclusion that the accident would not have occurred or that Beal's injuries would have been lessened did not meet the standards of Federal Rule of Evidence 702.  Consequently, Beal bases liability on the theory that with an additional fraction of a second, the train would have, at most, struck the vehicle in a manner that would have caused less rotation, which would have prevented Beal from being thrown from the vehicle, and which would have lessened her injuries.  These layers of speculation are not sufficient to withstand summary judgment. Accordingly, Beal's negligence claim is dismissed. See *Pugh v. City Of Attica, Indiana,* 259 F.3d 619, 625 (7th Cir. 2001)("To avoid summary judgment, Mr. Pugh must set forth specific facts that demonstrate a genuine issue of triable fact and must produce more than a scintilla of evidence to support his position.").

   Beal concedes that her remaining claims, for both negligent and intentional infliction of emotion distress, do not survive a conclusion that her negligence claim fails. Accordingly, summary judgment on these claims also is warranted. For clarity, the court notes that Beal's intentional infliction of emotional

distress claim fails primarily because there is no evidence of Amtrak's intent to cause emotional harm, not the failure of proximate cause. See *Lachenman v. Stice*, 838 N.E.2d 451, 456 (Ind. App. 2005)("It is the intent to harm the plaintiff emotionally which constitutes the basis for the tort of intentional infliction of emotional distress.").

_____

For the foregoing reasons, the Second Supplemental Motion for Summary Judgment on All Claims filed by the defendant, National Railroad Passenger Corporation, on January 23, 2007 (DE 89), is **GRANTED,** and the Motion to Strike the Affidavit of Plaintiff filed by the defendant on March 19, 2007 (DE 97), is **DENIED AS MOOT**.

ENTERED this 26th day of March, 2007

                              s/ ANDREW P. RODOVICH
                              United States Magistrate Judge